# IN THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) ) ) | |
| | ) | Chapter 13 |
| RHONDA E.C. DANIELS, | ) ) | |
| | ) | Number 16-40104-EJC |
| *Debtor.* | ) ) ) | |

## ORDER DENYING WITHOUT PREJUDICE MOTION TO REOPEN

Before the Court is the Motion to Re-Open Case ("Motion to Reopen") filed by Rhonda E.C. Daniels, the Debtor in this Chapter 13 case. (Dckt. 72). The Debtor filed a Chapter 13 petition on January 20, 2016. (Dckt. 1). Her plan (dckt. 19) was confirmed on May 2, 2016. (Dckt. 40). On July 13, 2021, the Debtor received a discharge (dckt. 67), and the case was closed on November 12, 2021. (Dckt. 71). On September 14, 2022, the Debtor filed the instant Motion to Reopen (dckt. 72) alleging that after receiving her discharge, she learned that "the title on her home had irregularities and [that] claims were filed in her case as secured when in fact there was no collateral with which to attach." (Dckt. 72, p. 1, ¶ 4). She requested that the Court reopen the case "for the limited purpose of seeking damages and sanctions for misrepresentation, an order for turnover of funds and an order establishing the

1

exten[t] and validity" of a lien purportedly held by U.S. Bank Trust N.A., as Trustee of the Bungalow Series IV Trust ("U.S. Bank"); CitiFinancial Servicing, LLC ("CitiFinancial"); Bayview Loan Servicing, LLC ("Bayview"); and Wilmington Savings Fund Society, FSB, as Trustee of Stanwich Mortgage Loan Trust A ("Wilmington").[1] (Dckt. 72, p. 1).

The Motion to Reopen was scheduled for hearing on October 19, 2022. (Dckt. 73). At the hearing, the Court heard from Debtor's counsel and from counsel for Wilmington. Debtor's counsel represented that a post-discharge title search indicated that a cancelation of the security deed was recorded in 2006.[2] Counsel stated that upon the reopening of this bankruptcy case, the Debtor would commence an adversary proceeding under Rule 7001(2) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") against the purported lienholders identified in

---

[1] The real property, which is not identified in the motion, was identified in the Debtor's Schedule A/B as 2144 Fox Street, Savannah, Georgia 31415. (Dckt. 1, p. 10; Dckt. 20, p. 1). On April 29, 2016, CitiFinancial filed a proof of claim in the amount of $61,329.84 secured by real property commonly known as 2144 Fox Street, Savannah, Georgia 31401. (Claim No. 6-1). The claim was later transferred to Bayview (dckt. 54), to Wilmington (dckt. 58), and to U.S. Bank. (Dckt. 62).

[2] The security deed, dated September 3, 1996, is attached to the proof of claim filed by CitiFinancial. (Claim No. 6-1, pp. 9-13).

the motion.[3] For his part, counsel for Wilmington argued that Georgia law[4] sets forth specific procedures regarding cancelation of instruments securing indebtedness and that under those provisions this matter should be litigated, if at all, in superior court. After hearing from the parties, the Court verbally denied without prejudice the Motion to Reopen based on the Debtor's failure to provide sufficient factual allegations to carry her burden under § 350 of the Bankruptcy Code.

Bankruptcy Rule 5010 states that "[a] case may be reopened on motion of the debtor or other party in interest pursuant to § 350(b) of the Code." Fed. R. Bankr. P. 5010. Section 350(b), in turn, states that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). "The decision to reopen should be made on a case-by-case basis based on the particular circumstances and equities of [the] case, and should be left to the sole discretion of [the] bankruptcy court." *In re Dalezios*, 507 B.R. 54, 58 (Bankr. D. Mass. 2014) (quoting *Diaz-Nieves v. Irizarry (In re Irizarry)*, No. 6:10-bk-18876-KSJ, 2012 WL 592886, at *1 (Bankr. M.D. Fla. Feb. 17, 2012)). "The moving party bears the burden of demonstrating sufficient cause to reopen."

---

[3] Bankruptcy Rule 7001(2) requires "a proceeding to determine the validity, priority, or extent of a lien or other interest in property" to be in the form of an adversary proceeding. Fed. R. Bankr. P. 7001(2).

[4] Counsel for Wilmington appeared to reference O.C.G.A. § 44-14-3 ("Method and time of cancellation; penalty for failure of proper cancellation") and O.C.G.A. § 44-14-80 ("Reversion of real property conveyed to secure debt; effect of renewal of debt").

3

*Id.* The Debtor having failed to carry this burden, the Court hereby **DENIES WITHOUT PREJUDICE** the Motion to Reopen. (Dckt. 72).

Dated at Savannah, Georgia, this 26th day of October, 2022.

_____
Edward J. Coleman, III, Chief Judge
United States Bankruptcy Court
Southern District of Georgia